# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * *

ANGELICA L. VINESAR and MARIUS VINESAR as best friends of their daughter, AA-VV,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

* * * * * * * * * * * * * * * * * * * * * *

No. 18-440V
Special Master Christian J. Moran

Filed: September 14, 2021

Attorneys' Fees and Costs, Interim Award

John F. McHugh, New York, NY, for petitioners;
Voris Johnson, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION DEFERRING ADJUDICATION OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

Mr. and Ms. Vinesar allege that various vaccinations caused their daughter (AA-VV) to suffer a seizure disorder. Pet., filed March 23, 2018. The parties have been developing evidence, particularly opinions from experts on this topic as well as the issue as to whether a genetic variant in AA-VV's SCN1A gene caused the seizure disorder independently.

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Mr. and Ms. Vinesar request an award of attorneys' fees and costs on an interim basis as the Vaccine Act allows. Pet'rs' Mot., filed July 12, 2021; see Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008). The Secretary opposed this motion, arguing that petitioners have not met their burden of establishing the reasonable basis for their claim. Resp't's Resp., filed Aug. 25, 2021. The Vinesars maintain they have a reasonable basis. Pet'rs' Reply, filed Aug. 31, 2021.

Although awards of attorneys' fees and costs are available in the Vaccine Program, petitioners do not have a right to an interim award. Petitioners, at a minimum, must establish the good faith and reasonable basis for their claims. Then, special masters have discretion to consider whether the circumstances warrant an interim award. Finally, special masters must determine a reasonable amount of attorneys' fees and costs. Avera, 515 F.3d 1343.

Here, the Secretary has presented a non-frivolous argument against finding reasonable basis. This position suggests that additional evidentiary development would be prudent.

More importantly, the Vinesars have not established a reasonable amount of attorneys' fees and costs. During this litigation, their attorney Mr. McHugh has not performed as an attorney who is requesting high hourly rates should perform. For example, an order to show cause was issued on November 5, 2019. Mr. McHugh has missed deadlines and has had many documents stricken. In addition, the work of the people the Vinesars have retained, Dr. Marcel Kinsbourne and Dr. Richard Boles, would benefit from additional development.

According to the Federal Circuit, a "special master may determine that she cannot assess the reasonableness of certain fee requests prior to considering the merits of the vaccine injury claim." Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1377 (Fed. Cir. 2010). Because the quality of work from either a legal or medical professional contributes to the determination of a reasonable hourly rate and assessing the quality of the work from Mr. McHugh, Dr. Kinsbourne, and Dr. Boles is difficult on the present record, the undersigned declines to award attorneys' fees and costs to the Vinesars at this time. This problem is particularly acute for Dr. Boles whom the undersigned has not heard testify before. It is advantageous to have heard the expert witness's testimony before determining a reasonable amount of compensation when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr.

Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing).

The undersigned recognizes that "[d]eferring consideration of attorneys' fees and costs until a decision on the merits is effectively a denial of interim fees." Id. at 1378. By this logic, the Vinesars' July 12, 2021 motion is denied. However, the Vinesars may ultimately be awarded a reasonable amount of attorneys' fees and costs (for the time and work requested in the present interim motion) based upon a future motion. Thus, this "denial" of the motion is more akin to deferring its resolution to a later, more appropriate time in this case.

Any questions regarding this order may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master